**In re the Petition for DISCIPLINARY ACTION AGAINST James T. SKON-NORD, an Attorney at Law of the State of Minnesota.**

No. CO-87-2385.

Supreme Court of Minnesota.

May 16, 1990.

### ORDER

On May 22, 1989, this Court suspended respondent James T. Skonnord from the practice of law. This suspension is still in effect. On October 26, 1989, the Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent James T. Skonnord had committed additional unprofessional misconduct warranting public discipline. In the petition, the Director alleges that respondent misappropriated client funds on several occasions, including the misappropriation of retainers in two bankruptcy matters before receiving the required approval of the bankruptcy court, and for which the U.S. Trustee obtained judgments against him; that respondent issued numerous insufficient funds checks; that respondent failed to maintain trust account journals and ledgers and failed to return unused filing fees and unearned retainers; that respondent neglected numerous client matters, failed to communicate with clients about the matters entrusted to him and failed to inform some clients of his suspension; that respondent failed to communicate with opposing counsel and with the court in a marriage dissolution matter he was handling; and that respondent failed to cooperate with the Director's Office in its investigation of him. The petition further alleges that respondent has been severely chemically addicted for all relevant time periods and presently is suffering from depression for which he is undergoing psychological counseling. Furthermore, in July 1989, respondent obtained alternate counsel for a number of his clients and assisted alternate counsel with the completion of several matters in a paralegal capacity.

After the filing of the petition, respondent entered into a stipulation for discipline with the Director. In the stipulation, respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. He also withdrew his answer filed herein and unconditionally admitted all of the allegations of the petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is continued indefinite suspension. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility. The referee subsequently recommended that this Court adopt the terms of the stipulation.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, the

stipulation of the parties, the recommendation of the referee and respondent's past disciplinary history, NOW ORDERS:

1. That the indefinite suspension imposed by this court on respondent, James T. Skonnord, in its Order dated May 22, 1989 shall be and the same is continued, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That any future reinstatement is conditioned upon the following:

a. That respondent obtain comprehensive physical and psychological examinations and a chemical dependency evaluation and undergo long-term treatment and rehabilitation for chemical dependency and any other psychological conditions diagnosed by his examining physician(s).

b. That respondent make restitution to all clients and the Client Security Fund for any losses sustained due to his neglect.

c. That respondent make available to the Director's Office all books and records relating to his trust account.

d. That respondent show, by clear and convincing evidence, total abstinence from the use of alcohol or other mood-altering chemicals, except those prescribed by a treating physician with knowledge of his chemical dependency, for at least 18 months following completion of chemical dependency treatment.

e. That respondent fully satisfy any additional conditions for reinstatement imposed by this Court in its Order dated May 22, 1989, which are not addressed herein.

3. That if respondent does not petition for reinstatement before January 1, 1995, the Director may petition this Court to make this indefinite suspension permanent in the form of disbarment.

4. That the respondent shall pay to the Director within 90 days of the date of this order, the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.