In re Petition for Reinstatement to the Practice of Law of James T. SKONNORD, Petitioner.

No. C0–87–2385.

Supreme Court of Minnesota.

Feb. 7, 1996.

ORDER

WHEREAS, petitioner James T. Skonnord was placed on indefinite suspension from the practice of law for serious misconduct, *In Re Skonnord*, 456 N.W.2d 85 (Minn.1990); and

WHEREAS, petitioner has applied for reinstatement as an attorney, after suspension for more than 6 years; and

WHEREAS, a panel of the Lawyers Professional Responsibility Board held a hearing on the petition for reinstatement, following which the panel made findings of fact including among other things, that petitioner provided clear and convincing evidence that he has met each of this court's preconditions for reinstatement, and found as conclusions that petitioner has undergone a moral change in his character to the extent that his present moral character exceeds that required for initial application for the practice of law, that petitioner is conscious of past misconduct and is remorseful for the harm caused and that his rehabilitation is sincere and stable, and that he is now fit to be reinstated to practice subject to conditions set out by the panel; and

WHEREAS, the Director of the Office of Lawyers Professional Responsibility agrees with the recommendation of the panel; and

WHEREAS, this court has independently examined the record and agrees with the recommendation,

IT IS HEREBY ORDERED that James T. Skonnord be reinstated to the practice of law subject to the following conditions, as recommended by the panel and agreed to by the Director:

1. Petitioner shall maintain complete abstinence from alcohol and mood-altering chemicals. Petitioner shall continue attendance weekly at Alcoholics Anonymous and/or Narcotics Anonymous.

2. Any instance of lack of abstinence shall be a sufficient basis for immediate suspension from the practice of law whether or not there have been client complaints. Lack of abstinence must be shown by clear and convincing evidence by the Director's Office.

3. Petitioner shall continue to timely file state and federal employee withholding and individual income tax returns and pay the taxes thereon when due.

4. Petitioner shall maintain books and records concerning his law office income and expenses and funds held on behalf of clients in compliance with applicable Rule 1.15, Minnesota Rules of Professional Conduct, and Amended Lawyers Professional Responsibility Board Opinion No. 9. During the period of petitioner's probation, he shall make all books and records pertaining to his law practice and trust accounts available to his supervisor and to the Director's Office upon request.

5. Petitioner shall abide by the Rules of Professional Conduct and cooperate with the Director's Office in the investigation of any complaints made against him.

6. Petitioner shall provide authorizations needed to verify compliance with the conditions of the probationary period and petitioner shall provide on a monthly basis proof of weekly AA and/or NA meeting attendance.

7. Petitioner shall be placed on 4 years' supervised probation subject to the following conditions:

a. Petitioner shall not represent clients in areas other than bankruptcy, residential real estate and landlord/tenant law until he has demonstrated his competency in the proposed area of practice. Competency may be demonstrated by attending CLE classes in the appropriate area and through an oral interview by an experienced practitioner approved by the Director in the proposed field of practice.

b. Petitioner shall maintain malpractice insurance with single occurrence coverage of not less than $125,000 with a deductible of $1,000. In consultation with the Director's Office, this amount may be required to be increased on a progressive scale during the probationary period to a level appropriate for the type of risk involved in petitioner's areas of practice.

c. Petitioner shall not accept clients until one or more experienced attorneys have agreed to supervise his practice. Petitioner shall establish appropriate office procedures and support systems to ensure competent, ethical representation of clients. Petitioner shall meet with the supervisor at least monthly to review files and office procedures. Petitioner shall provide his supervisor with monthly inventories of his client matters. Supervisor reports shall be made to the Director's Office monthly for the first year and at least quarterly for subsequent years of supervision. After 2 years of successful supervised probation, the Director may in her sole discretion terminate the probation without further order of this Court.

d. If petitioner is unable to locate former client C.P. by the end of his probation, petitioner shall remit the $500 plus accrued interest to the IOLTA Fund.

BY THE COURT:

/s/ Mary Jeanne Coyne
MARY JEANNE COYNE
Associate Justice